# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DAWN M. SHOEMAKER,[1]

        Appellant,

        v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
PH-0752-13-2426-I-1

DATE: September 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Dawn M. Shoemaker</u>, Shippensburg, Pennsylvania, pro se.

<u>James E. Vaiden</u>, Norfolk, Virginia, for the agency.

<u>Karen L. Geiger</u>, Esquire, Mechanicsburg, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 U.S.C. § 1201.36(a), this appeal was part of a consolidation. *Navy Mechanicsburg NHR v. Department of the Navy*, MSPB Docket No. PH-0752-14-0467-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On May 29, 2013, the agency proposed to furlough the appellant for no more than 11 workdays due to "extraordinary and serious budgetary challenges facing the Department of Defense [(DOD)] . . . for the remainder of Fiscal Year . . . 2013, the most serious of which is the sequester that began on March 1, 2013." Initial Appeal File (IAF), Tab 1 at 10-12. Based on the record it appears that the appellant did not submit a reply to the proposed furlough. IAF, Tab 4 at 4. On June 17, 2013, the agency issued a decision stating that the appellant would be furloughed for no more than 11 workdays between July 7, 2013, and September 21, 2013. IAF, Tab 1 at 7-9.

¶3 The appellant filed an appeal, which the administrative judge consolidated with the appeals of similarly situated employees. *Navy Mechanicsburg NHR v. Department of the Navy*, MSPB Docket No. PH-0752-14-0467-I-1, Consolidation Appeal File (CAF), Tab 1. In her appeal, the appellant argued that her furlough was unjustified and unnecessary, and that the deciding official had no ability to make an independent decision. IAF, Tab 1 at 4. She also questioned whether working capital funded (WCF) employees could legally be furloughed. *Id.* at 5. The appellant did not request a hearing. *Id*. at 2. After providing all parties with an opportunity to present evidence and arguments prior to closing the record, the administrative judge issued an initial decision affirming the furlough. CAF, Tab 8, Initial Decision (ID).

¶4 The appellant has filed a petition for review, which is almost identical to her initial appeal. *Compare* Petition for Review (PFR) File, Tab 1 at 5-6, *with* IAF, Tab 1 at 4-5. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency met its burden of proving the furlough promoted the efficiency of the service.</u>

¶5 A furlough is the placing of an employee in temporary status without duties and pay because of lack of work or funds or other nondisciplinary reasons. 5 U.S.C. § 7511(a)(5); 5 C.F.R. § 752.402. Furloughs of 30 days or less are reviewable by the Board under the "efficiency of the service" standard of 5 U.S.C. § 7513(a). *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). The Board has found that an agency satisfies the efficiency of the service standard by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and the agency applied its determination as to which employees to furlough in a fair and even manner. *Id.*, ¶ 8.

¶6     The appellant argues that her furlough was a political decision and not necessary to address a genuine budgetary need. PFR File, Tab 1 at 5-6. To support her argument, the appellant avers that a continuing resolution moved enough money to the DOD operations and maintenance account to cover most civilian salaries. *Id.* We agree with the administrative judge's finding that the DOD had to make significant spending cuts because of sequestration and furloughs helped it avoid a deficit. ID at 2-3, 5. The appellant argues that the agency had sufficient funds to cover most civilian salaries. PFR File, Tab 1 at 5. However, the Board will not second-guess an agency's decision to meet its need for spending cuts through furloughs rather than other cost-saving measures. *Chandler*, 120 M.S.P.R. 163, ¶ 9.

¶7     The appellant also questions whether WCF employees can be legally furloughed under 10 U.S.C. § 129, which requires that DOD manage WCF employees based on total force management policies, workload, and funds available, and also prohibits management of these employees based on "man years," end strength, full-time equivalent positions, or maximum number of employees. PFR File, Tab 1 at 6. No provision in this statute prohibits the furlough of WCF employees. Further, even assuming WCF funds were exempt from sequestration under 10 U.S.C. § 129 or some other law, the issue is whether the furlough was a reasonable management solution to the financial restrictions placed on the agency. *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 13 (2015). In *Einboden*, the Board found, in pertinent part, that employees paid from WCF accounts are not shielded from being furloughed and the savings in WCF accounts may be used to offset shortfalls in other areas of the agency's budget. *Id.*, ¶¶ 13-18. The Board further found that it was reasonable for DOD to consider its budget situation holistically, rather than isolating the situation of each individual Navy organization or component, and the Board concluded that the furlough action was a reasonable management solution to the financial restrictions placed on the agency. *Id.*

¶8　　　　Here, as in *Einboden*, we find no indication in the record that the Secretary of Defense was prohibited from using savings resulting from the furloughs of WCF employees to address other budgetary needs, and we find no reason to disturb the administrative judge's crediting of evidence to the contrary.　ID at 5-7; *see Einboden*, 122 M.S.P.R. 302, ¶ 16.　The administrative judge found that the agency offered unrebutted evidence that DOD had to make significant spending cuts because of sequestration, and that furloughs helped it avoid a deficit.　ID at 5.　The administrative judge also found that the agency had the discretion to furlough WCF employees based on a holistic approach to its budget, even if a particular department had adequate funding to avoid furloughs.　ID at 6-7.　The administrative judge's findings, that the agency met its burden of proving that the furlough was a reasonable management solution to the financial restrictions placed on it and were applied uniformly and consistently, ID at 5-10, are supported by the applicable law and the record.　We affirm the finding that the agency met its burden of proving the furlough promoted the efficiency of the service.　ID at 10; *see Einboden*, 122 M.S.P.R. 302, ¶¶ 16, 18.

The appellant was provided with the required due process.

¶9　　　　The appellant argues that the decision on who to furlough was predetermined and no individual deciding official had the ability to make an independent decision.　PFR File, Tab 1 at 5.　The deciding official for the appellant's furlough stated that she reviewed the positions under her supervision, compared them to the exemption criteria outlined in the Secretary of the Navy's February 21, 2013 Memo, "Planning Guidance for Potential Civilian Furloughs," determined that 175 positions under her supervision met the exemption criteria, and the individuals occupying those positions were not subject to the furlough. CAF, Tab 6 at 14.　She also stated that she had the authority to modify the furlough if she determined that an individual held a position that was subject to one of the established exemptions and the ability to recommend to the Assistant Secretary of the Navy (Manpower and Reserve Affairs), through her chain of

command, a modification of the furlough if she concluded that a position should be subject to an exemption not previously identified. *Id.* at 15. This is sufficient decision-making authority, in the context of these agency-wide furloughs, to satisfy the appellant's right to due process. *See Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶¶ 5-7 (2015). We thus affirm the administrative judge's finding that the appellant was provided with the requisite due process. ID at 10-12.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.